In 1796, it was decided in Knight v. Thomas, 2 N.C. 289, that a parol
sale of slaves was good as between the parties thereto, and that Laws 1784, ch. 225, sec. 7, which declares that all sales of slaves shall be in writing, and attested by one credible witness, and registered within nine months, was made for the benefit of creditors only.
In the present case it appears that the negroes, for the value of which this suit was brought, were delivered to the purchaser, and if *Page 112 
there had been no bill of sale the sale would be valid as between the parties, according to Knight v. Thomas. But the question is, Is the purchaser in a worse situation than if a bill of sale not registered (197) had not been executed? If the act of 1784 was made for the benefit of third persons, I cannot think he is; for if that act will dispense with a bill of sale altogether, I am at a loss to see why it will not dispense with a registration of one, for that too was required for the benefit of third persons. I cannot but think that an unregistered deed as between vendor and vendee may be used as evidence of title, as equal at least to parol evidence.
It may be thought that the act of 1784 in this respect is like Laws 1715, ch. 7, sec. 1. That act declares "that no conveyance or bill of sale for lands, in what manner or form soever drawn, shall be good or available in law unless the same shall be acknowledged by the vendor or proved by one or more evidences, etc., and registered by the public register within twelve months." It is to be observed that title to personal property of any kind passed at common law by parol contractor by deed as completely as slaves now pass by registered deeds, and as between the parties the title to slaves may still be conveyed as at common law. But as to lands at common law, title to them could only be conveyed by livery of seisin; it could not be conveyed like personal property. But the Statute of Uses, 27 Hen. VIII., ch. 10, has given use to other modes of conveying real estate in which livery of seisin
is dispensed with; and it is of those kinds of conveyances that the act of 1715 speaks. Before the Statute of Uses a deed of bargain and sale did not convey the legal title to land; but by virtue of the statute it has that effect, provided it shall be registered, for without registration it conveys no title. So that an unregistered deed of bargain and sale of lands and an unregistered bill of sale for slaves are different in this respect, that the first conveys no title at common law, the latter does; hence, before the deed of bargain and sale for lands is registered nothing passes. I mean if it is not registered in the time (198) limited by law nothing passes; if it is, the title by relation passed by the delivery. The Statute of Uses, ch. 10, declares that no lands, tenements, etc., shall pass from one to another, etc., except by writing indented, sealed, and enrolled at one of the courts of Westminster, or else within the county or counties where the lands are situated.
But it was not practicable to register conveyances in this State according to the directions of the Statute of Uses. Hence it became necessary that the Legislature should point out the mode in which *Page 113 
registration should be made, and they have done so by the act of 1715, and it is indispensable that conveyances under the Statute of Uses should be registered according to that act, or they are void; and if, as before observed, they are void under the act, they cannot at common law (as an unregistered bill of sale for slaves would do) convey any title. Therefore (without giving an opinion on the other point made in the case), I think the rule for a new trial should be made absolute and that the plaintiff be at liberty to prove the bill of sale according to the rules of evidence as in other cases of deeds.
HENDERSON, J., concurred.
PER CURIAM. New trial.
Cited: Palmer v. Faucett, 13 N.C. 242; Bell v. Culpepper, 19 N.C. 21;S. v. Fuller, 27 N.C. 29; Carrier v. Hampton, 33 N.C. 309; Tooley v.Lucas, 48 N.C. 148.
(199)